```
IN THE UNITED STATES DISTRICT COURT
  FOR THE SOUTHERN DISTRICT OF ALABAMA
             SOUTHERN DIVISION
```

```
DANA G. STOKLEY,                     :
on behalf of ROGER G. STOKLEY,       :
                                     :
     Plaintiff,                      :
                                     :
vs.                                  :    CIVIL ACTION 11-0125-M
                                     :
MICHAEL J. ASTRUE,                   :
Commission of Social Security,       :
                                     :
     Defendant.                      :
```

MEMORANDUM OPINION AND ORDER

In this action under 42 U.S.C. §§ 405(g) and 1383(c)(3), Plaintiff[1] seeks judicial review of an adverse social security ruling which denied claims for disability insurance benefits and Supplemental Security Income (hereinafter *SSI*). The parties filed written consent and this action has been referred to the undersigned Magistrate Judge to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73 (*see* Doc. 21). Oral argument was waived in this action (Doc. 20). Upon consideration of the administrative record and the memoranda of the parties, it is

---

[1]Dana G. Stokley appears on behalf of her deceased husband, Roger G. Stokley, who died on September 13, 2009 (Tr. 21, 123).

1

**ORDERED** that the decision of the Commissioner be **AFFIRMED** and that this action be **DISMISSED.**

This Court is not free to reweigh the evidence or substitute its judgment for that of the Secretary of Health and Human Services, *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983), which must be supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The substantial evidence test requires "that the decision under review be supported by evidence sufficient to justify a reasoning mind in accepting it; it is more than a scintilla, but less than a preponderance." *Brady v. Heckler*, 724 F.2d 914, 918 (11th Cir. 1984), *quoting Jones v. Schweiker*, 551 F.Supp. 205 (D. Md. 1982).

At the time of his death, Plaintiff was fifty-four years old, had completed his GED (Doc. 14 Fact Sheet; *cf.* Tr. 373), and had previous work experience as a service technician, a small engine repair mechanic, and auto mechanic (Tr. 47, 51). In claiming benefits, Stokley alleges disability due to dementia, neck pain, high blood pressure, and a status-post triple bypass (Doc. 14 Fact Sheet).

The Plaintiff filed protective applications for disability benefits and SSI on September 2, 2008 (Tr. 106-14; *see* Tr. 21).

2

Benefits were denied following a hearing by an Administrative Law Judge (ALJ) who determined that Stokley's substance abuse disorder met the requirements of Listing 12.02, but that if he had stopped abusing alcohol, he would not have met any of the Listing requirements and would have been able to perform a limited range of light work (Tr. 21-31).  Plaintiff requested review of the hearing decision (Tr. 15-16) by the Appeals Council, but it was denied (Tr. 1-5).

Plaintiff claims that the opinion of the ALJ is not supported by substantial evidence.  Specifically, Stokley alleges that:  (1) The ALJ did not properly consider Plaintiff's vascular dementia in finding him not disabled because of his alcohol dementia; and (2) the ALJ failed to make a credibility determination regarding the testimony of Plaintiff's Widow (Doc. 14).  Defendant has responded to—and denies—these claims (Doc. 15).  The relevant evidence of record follows.[2]

On March 2, 2007, Stokley was examined by Dr. Phillip A. Pybass who diagnosed him to suffer from acute bronchitis, hypertension, COPD, coronary artery disease, dyslipidemia, history of alcohol use with hepatitis and pancreatitis, tobacco

---

[2]The Court notes that the medical evidence exceeds six hundred pages, yet only a very small portion is referenced in Plaintiff's brief (*see* Doc. 14).  As such, the Court will only summarize the

dependence, history of hyperglycemia, and medical noncompliance (Tr. 345-37).  The doctor prescribed appropriate medications and twice, within his assessment plan, indicated the need for Plaintiff to quit drinking alcohol (Tr. 346).  In a follow-up examination two weeks later, Stokley indicated that he had cut back on his alcohol intake, but had not quit; Dr. Pybass again stressed the need for total cessation (Tr. 342).  On August 6, the doctor noted that although Plaintiff had run out of some of his medications, he had not gotten them refilled (Tr. 338-39).

Plaintiff was admitted to Bradford Health Services for detoxification and alcohol treatment on June 16, 2008 and was discharged on Independence Day (Tr. 245-63).  On June 27, a psychiatric examination was conducted and symptoms of dementia and significant cognitive impairment were noted; the Psychiatrist noted short-term and significant long-term memory issues (Tr. 252-53).  Insight and judgment were impaired.  The examiner specifically noted that Stokley "definitely has evidence of dementia.  His cognitive impairment may be in part due to an acute organic brain syndrome from elevated ammonia level, but [he] has significant short-term memory problems" (Tr. 253).  The diagnosis was alcohol dependence, depressive

---

portions it considers necessary to discuss the claims raised herein.

4

disorder, and dementia, alcohol and vascular type; the Psychiatrist specifically noted that Plaintiff needed "a full neuropsychological evaluation for his cognitive impairment" (*id.*). At discharge, it was noted that Stokley's overall progress was fair and his prognosis was fair if he followed specific recommendations that had been made (Tr. 247).

On July 18, 2008, Dr. Pybass noted a recent hospitalization for alcoholic pancreatitis and acute renal failure and that Stokley had left the hospital against medical advice (Tr. 336). Though Plaintiff had gone to an alcohol treatment program, he had left the facility and was still drinking; the treatment facility had suggested that Stokley's dementia could be vascular in nature in addition to being related to his alcohol abuse (*id.*). The doctor modified his assessment to include "Alcoholic dementia/vascular dementia" and noted that he would have Plaintiff undergo a course of Aricept (*id.*).[3] Pybass discontinued the Aricept at the examination on August 18 as it was causing nausea, vomiting, dyspepsia, and diarrhea; the doctor also took Stokley off statins because of his continuing to drink (Tr. 334). Dr. Pybass listed alcohol dementia and

---

[3]*Aricept* is used in the treatment of dementia, Alzheimer's type. **Error! Main Document Only.***Physician's Desk Reference* 1075-1079 (62nd ed. 2008).

5

vascular dementia as separate diagnoses (*id.*).

A consultative examination was conducted on January 15, 2009 by Psychologist Jack C. Carney in which Stokley's wife provided family and medical history, including Plaintiff's abuse of alcohol and lortab (Tr. 373-77). She specifically reported that Stokley had drunk a pint of vodka the day before the examination and a pint and one-half the day before that, though he had not had anything that day. Carney noted that Plaintiff's mood and affect were appropriate and that he did not appear anxious; he was oriented to place and person, though he did not know the day of the week. Stokley could remember what he had done before coming to the examination though he had no recollection of anything from the day before; immediate and remote memory were pretty good. His fund of information and ability to abstract were good; there were no signs of confusion, loose associations, tangential, or circumstantial thinking. Judgment was poor; Plaintiff had little insight into himself or his condition. Stokley underwent the WAIS-III and scored a Verbal IQ of 98, a Performance IQ of 92, and a Full Scale IQ of 96, placing him in the average range of intelligence. Plaintiff also took the Wechsler Memory Scale-III on which he scored, overall, in the Borderline range. The Psychologist's diagnosis

was alcohol and nicotine dependence; his prognosis was "mild to moderate memory deficits that would likely remediate if he would discontinue his alcohol and nicotine abuse" (Tr. 377). Finally, Carney stated that "Stokley appears to have decompensated through the abuse of alcohol since he was first placed on a worker's comp medical leave in June 2007" (Tr. 377).

At the evidentiary hearing, Plaintiff's Widow testified that her husband had last worked as a service technician for Sears for more than ten years but that they had terminated him because he was unable to focus on his responsibilities (Tr. 47-48). She further stated that he had been diagnosed with dementia by Dr. Pybass, who prescribed Aricept which would slow the progression of the dementia but not reverse it (Tr. 49-50). The Widow testified that Stokley was confused and could not remember to do things, even with a list; he could not even remember, at the end of the day, if he had eaten or not (*id.*).

A vocational expert (hereinafter *VE*), Gail Jarrell, testified about Stokley's previous jobs and stated that he would not have been able, because of his medical conditions as defined by the ALJ, to have performed any of that work (Tr. 50-52). In answering a hypothetical question posed by the ALJ, the VE named specific light jobs which Plaintiff could have performed (Tr.

7

52-53). The VE also testified that if the Widow's testimony concerning her husband's dementia was credible, the Deceased would have been unable to perform any work (Tr. 53-54).

In her determination, the ALJ summarily reviewed the medical evidence provided by Psychologist Carney (Tr. 24-26). The ALJ, however, made no mention of Stokley's treatment at Bradford (*see* Tr. 244-63), the multiple admissions to Springhill Memorial Hospital (*see* Tr. 447-881), or much of any of the rest of the medical evidence.[4] The ALJ went on to give significant weight to the opinion of Psychologist Carney (Tr. 29) and to find that Plaintiff's "allegations concerning the intensity, persistence and limiting effects of these symptoms were not credible" (Tr. 27). The ALJ went on to adopt the testimony of the VE, concerning Stokley's ability to work, as her own (Tr. 30).

Plaintiff has claimed that the ALJ failed to properly consider Plaintiff's vascular dementia in finding him not disabled because of his alcohol dementia (Doc. 14, pp. 2-5). The Court has noted the ALJ's failure to discuss the records from Bradford where it was first suggested that Stokley may

---

[4]The Court has reviewed the evidence, though not summarized it herein, and finds that the evidence provides much evidence of Plaintiff's alcoholic abuse, but nothing else that is pertinent to the

suffer from vascular dementia, a diagnosis picked up by his treating physician, Dr. Pybass. However, the Court further noted that the Bradford psychiatrist suggested that Plaintiff may suffer from an acute organic brain syndrome and to make that determination, there needed to be a full neuropsychological evaluation (Tr. 253). There is nothing in the record—and Plaintiff has failed to direct the Court's attention to anything—which indicates that this evaluation was made. As such, the Court finds that, while there is evidence of vascular dementia, there is no evidence which indicates the extent of its effect on Plaintiff. If Stokley had undergone the neuropsychological evaluation as instructed, that information might be available.

Plaintiff also claims that the ALJ failed to make a credibility determination regarding the testimony of Plaintiff's Widow (Doc. 14, pp. 5-7). More specifically, the objection revolves around the Widow's testimony that "doctors had informed them that the Plaintiff's dementia could not be reversed" (Doc. 14, p. 5). The Court notes that the ALJ is required to "state specifically the weight accorded to each item of evidence and why he reached that decision." *Cowart v. Schweiker*, 662 F.2d

---

claims raised herein.

731, 735 (11th Cir. 1981).

Plaintiff is correct in arguing that the ALJ did not make a credibility determination regarding the Widow's testimony. However, it is, in this instance, only harmless error. While the Wife's testimony may be factually correct, there is no evidence of it in the record. She cannot speak as a medical source; as such, she is only relaying what she was told. As that evidence does not appear in the medical evidence, it cannot be considered as part of the evidence. The ALJ's failure to state this in her determination is, at most, harmless error.

Plaintiff has raised two claims in bringing this action. Both are without merit. Upon consideration of the entire record, the Court finds "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Perales*, 402 U.S. at 401. Therefore, it is **ORDERED** that the Secretary's decision be **AFFIRMED**, *see Fortenberry v. Harris*, 612 F.2d 947, 950 (5th Cir. 1980), and that this action be **DISMISSED.** Judgment will be entered by separate Order.

DONE this 19th day of October, 2011.

                                    s/BERT W. MILLING, JR.
                                    UNITED STATES MAGISTRATE JUDGE